STATE OF MAINE                                          SUPERIOR COURT
                                                        CIVIL ACTION
YORK, ss.                          DONALD L. GARBRECHT   DOCKET NO. AP-99-049
                                     LAW LIBRARY         GAB-YOR- 7/21/2000

RAYMOND N. And PRISCILLA T.          JUL 24 2000
BLANCHETTE,

              Plaintiffs

       v.                                   JUDGMENT


INH. TOWN OF ACTON, et al.,

              Defendant


In this action the Blanchettes seek equitable estoppel precluding the Town

from enforcing its shoreland zoning ordinance against them.[1]  The case was

submitted on stipulated facts at a jury-waived trial.  Both parties submitted post-

hearing memoranda.  Following review of these materials, judgment will enter for

the Town.

The Blanchettes own lakefront property in Acton, Maine.  In March of 1999

they submitted, through their contractor, an application to add a porch onto their

home to the Town's code enforcement officer.  The application contained a sketch of

the proposed addition showing that the new porch would be set back 100 feet from

the shoreline as required by the ordinance.  The Code Enforcement Officer visited

the site but did not actually measure the shorefront setback because of adverse

weather conditions.  Nevertheless, a building permit was issued and work on the

---

[1] The Blanchettes voluntarily dismissed their Rule 80B appeal asserted in Count I of the complaint.

porch began. Approximately two weeks later the Code Enforcement Officer returned to the site and actually measured the shoreline setback of the partially constructed porch. At one end the porch was set back 80 feet from shore; at the other end 70 feet, both less than the required 100 feet. The Town issued a "stop-work" order which the Blanchettes have honored. The parties agree that approximately $8,500 has been expended to date on the porch. They further stipulate that all parties have acted in "good-faith" throughout this unfortunate experience.

While relief in the nature of equitable estoppel is available against a municipality in appropriate circumstances, it is not a remedy favored under Maine law and should be carefully and sparingly applied. *Town of Union v. Strong*, 681 A.2d 14 (Me. 1996). Here, a critical fact operates against invoking the remedy.

The building permit was issued on the basis of erroneous information provided by the Blanchettes or their agent, the contractor. They submitted the sketch showing that the proposed addition would be set back 100 feet from shore. The Code Enforcement Officer, when he made his initial site visit, was unable to take actual measurements because of snow and ice on site. Apparently, the potential set-back violation was not obvious because all parties were acting in good faith and nobody noticed the problem. When the Code Enforcement Officer returned to the site and was able to actually measure the set-back and determine the violation, he immediately issued the "stop-work" order.

While this is an unfortunate result for the Blanchettes, when the Town acts in good faith on erroneous information supplied by the applicants themselves (or

their agent) resulting in the improper issuance of a building permit, equitable estoppel is not available as a remedy against the Town. Even accepting that the Blanchettes as well went forward in good faith, the hardship here created was of their own making.

The entry will be as follows:

> On Count II of the Complaint, judgment for the Defendant.

Dated: July 21, 2000

_____
/ G. Arthur Brennan
Justice, Superior Court

Joseph V. Lenkowski, Esq. — PL
Ronald D. Bourque, Esq. —   DEF